COPY

1  KARIN G. PAGNANELLI (SBN 174763),
   kgp@msk.com
2  AARON M. WAIS (SBN 250671),
   amw@msk.com
3  CHRISTOPHER A. ELLIOTT (SBN 266226),
   cae@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone:  (310) 312-2000
6  Facsimile:   (310) 312-3100

7  Attorneys for Defendants
   ASHLEY FURNITURE INDUSTRIES, INC. and
8  ASHLEY HOMESTORES, LTD.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                      LACV11-5997 DMG (FFMx)

13  BRANDO ENTERPRISES, L.P., a          CASE NO.
    Delaware limited partnership,
14                                       **NOTICE OF REMOVAL OF CIVIL
                        Plaintiffs,      ACTION TO FEDERAL COURT**
15
              v.                         (Los Angeles County Superior Court
16                                       Case No. SC 113141)
    ASHLEY FURNITURE INDUSTRIES,
17  INC., a Wisconsin corporation;       (Federal Question and Diversity
    ASHLEY HOMESTORES, LTD., a           Jurisdiction)
18  Wisconsin corporation d/b/a Ashley
    Furniture Homestore; and DOES 1-20,  (28 U.S.C. §§ 1331, 1332, 1338, 1367
19  inclusive,                           and 1441)

20                      Defendants.      [DECLARATIONS OF PAULETTE W.
                                         RIPPLEY FOR ASHLEY FURNITURE
21                                       INDUSTRIES INC. AND PAULETTE
                                         W. RIPPLEY FOR ASHLEY
22                                       HOMESTORES LTD. IN SUPPORT
                                         THEREOF FILED CONCURRENTLY]
23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3959876.1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that all named defendants, Ashley Furniture Industries Inc. ("Ashley Furniture") and Ashley Homestores, Ltd. ("Ashley Homestores") (hereinafter collectively, "Defendants"), hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1331, 1332, and 1441. Defendants each remove on their own behalf, and each join in each of the other's removal, on the grounds set forth below. The removal of this action terminates all proceedings in the Superior Court for the County of Los Angeles. 28 U.S.C. § 1446(d). Defendants' removal of this action is based on the following:

**The State Court Action**

1.      On June 23, 2011 Plaintiff Brando Enterprises, L.P. ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled *Brando Enterprises, L.P. v. Ashley Furniture Industries, Inc.; Ashley Homestores, Ltd.; and Does 1-20*, which has been assigned Case No. SC113141 (the "State Court Action"). On June 24, 2011, Defendants were served with (i) a Summons; (ii) the Complaint and jury demand; (iii) a civil case cover sheet; (iv) a notice of case assignment for all purposes; and (v) an alternative dispute resolution packet, through their registered agent for service of process, CT Corporation Systems. Declaration of Paulette W. Rippley For Ashley Furniture Industries Inc. In Support Of Notice Of Removal Of Civil Action To Federal Court ("Ashley Furniture Decl."), ¶ 9; Declaration of Paulette W. Rippley For Ashley Homestores, Ltd. In Support Of Notice Of Removal Of Civil Action To Federal

Mitchell
Silberberg &
Knupp LLP

3959876.1

1

1    Court ("Ashley Homestores Decl."), ¶ 9 . True and correct copies of the foregoing

2    documents, which constitute all of the process, pleadings, and orders received by

3    Defendants in the State Court Action, and, to Defendants' knowledge, all copies of

4    the process, pleadings, and orders filed in the State Court Action, are attached

5    hereto as Exhibit 1. *See* 28 U.S.C. § 1446(a).

6

7         2.      Defendants are informed and believe that no "Doe" defendant has

8    been served with a Summons or the Complaint. Accordingly, all named and

9    served defendants have joined in this Notice of Removal.

10

11         3.      The Complaint purports to state the following causes of action:

12    (1) Misappropriation of Right of Publicity (Cal. Civil Code § 3344.1); (2) Federal

13    Trademark Infringement – False Designation of Origin (15 U.S.C. § 1125(a)); and

14    (3) Federal Trademark Infringement – Dilution (15 U.S.C. § 1125(c)).

15

16    **Federal Question Jurisdiction**

17

18         4.      This Court has jurisdiction over this removal action pursuant to 28

19    U.S.C. § 1441 because this action originally could have been filed in this Court

20    pursuant to 28 U.S.C. §§ 1331 and 1338. The general rule governing removal of

21    actions from state court to federal court is that for a district court to have federal

22    question removal jurisdiction, a federal cause of action must appear on the face of

23    the complaint. *See, e.g., Felton v. Unisource Corp.*, 940 F.2d 503, 506 (9th Cir.

24    1991), citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, (1987);

25    *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988).

26

27         5.      The Complaint purports to state federal causes of action pursuant to

28    its "Federal Trademark Infringement – False Designation of Origin (115 U.S.C. §

Mitchell
Silberberg &
Knupp LLP
3959876.1

2

1   1125(a))" claim and "Federal Trademark Infringement – Dilution (15 U.S.C. §

2   1125(c))" claim.  Complaint ¶¶ 41, 48.  Further, 28 U.S.C. § 1338(a) provides that

3   "The district courts shall have original jurisdiction of any civil action arising under

4   any Act of Congress relating to … trademarks."  Accordingly, removal to this

5   Court is appropriate.  *See, e.g.*, *All One God Faith, Inc. v. Hain Celestial Group*,

6   Inc., 2009 WL 4907433 at * 2 (N.D. Cal. 2009) (removed based on inclusion of

7   Lanham Act claim in the complaint).

8

9        6.     This Court also has supplemental jurisdiction over Plaintiff's state law

10   claim for misappropriation of right of publicity because the state law claim is "so

11   related to [the trademark] claims … that they form part of the same case or

12   controversy under Article III of the United States Constitution.  28 U.S.C.

13   § 1367(a) ("[I]n any civil action of which the district courts have original

14   jurisdiction, the district courts shall have supplemental jurisdiction over all other

15   claims that are so related to claims in the action within such original jurisdiction

16   that they form part of the same case or controversy under Article III of the United

17   States Constitution.").

18

19        7.     Here, the same allegations form the basis for Plaintiff's state law

20   claim for misappropriation as do form the basis for Plaintiff's federal trademark

21   claims.  *See* Complaint ¶¶ 32, 39, and 46 (adopting and incorporating Paragraphs

22   1-31 into all three claims).  Thus, this entire action may properly be removed to

23   this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3959876.1

**Diversity Jurisdiction**

8.      28 U.S.C. Section 1332(a)(1) provides that, assuming the amount-in-controversy requirement is satisfied, federal district courts have original jurisdiction over civil actions between "citizens of different States."

9.      For purposes of determining diversity of citizenship, "a limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.' 28 U.S.C. § 1332(c)(1)." *Davis v. HSBC Bank Nevada, N.A.*, 557 F. 3d 1026, 1028 (9th Cir. 2009).

10.      Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010).  Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.*  The nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184.  The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity."  *Id.*

11.      Here, "minimal diversity" exists, because Plaintiff is a citizen of Delaware and California, and all Defendants are citizens of Wisconsin.

12.      Plaintiff alleges that, as of the date of the filing of the Complaint in the State Court Action, it was a citizen of Delaware and California. The Complaint alleges that Plaintiff is "a Delaware limited partnership organized and existing

1   under the laws of the State of Delaware, with its principal place of business located

2   in the County of Los Angeles, State of California." Complaint, ¶ 6.

3

4        13.    Ashley Furniture is a corporation organized and existing under the

5   laws of the State of Wisconsin. Ashley Furniture Decl. ¶ 3.

6

7        14.    Ashley Furniture's principal place of business is, and as of the date of

8   the filing of the Complaint in this lawsuit was, Arcadia, Wisconsin, as established

9   by the following facts:

10

11       (a)    The headquarters and administrative offices of Ashley

12  Furniture are, and as of the date of the filing of the Complaint in this lawsuit were,

13  located in Arcadia, Wisconsin and Ashley Furniture's mailing address is One

14  Ashley Way, Arcadia, Wisconsin  54612.  Ashley Furniture Decl. ¶ 4.

15

16       (b)    Company-wide management decisions and policies are/were

17  made; day-to-day direction, control, and coordination of Ashley Furniture's

18  business is/was exercised; and the employees who perform(ed) administrative

19  functions, finance, strategy, information systems, legal, and communications

20  work(ed) out of, Ashley Furniture's headquarters in Arcadia, Wisconsin.  Ashley

21  Furniture Decl. ¶ 5.

22

23       15.    Ashley Homestores is, and as of the date of the filing of the Complaint

24  in this lawsuit was, a corporation organized and existing under the laws of

25  Wisconsin.  Ashley Homestores Decl. ¶ 3.

26

27

28

Mitchell
Silberberg &
Knupp LLP

3959876.1

1      16.   Ashley Homestores' principal place of business is, and as of the date

2   of the filing of the Complaint in this lawsuit was, Arcadia, Wisconsin, as

3   established by the following facts:

4

5      (a)   The headquarters and administrative offices of Ashley

6   Homestores are, and as of the date of the filing of the Complaint in this lawsuit

7   were, located in Arcadia, Wisconsin, which is and was Ashley Homestores'

8   principal place of business, and Ashley Homestores' mailing address is One

9   Ashley Way, Arcadia, Wisconsin 54612. Ashley Homestores Decl. ¶ 4.

10

11      (b)   Company-wide management decisions and policies are/were

12   made; day-to-day direction, control, and coordination of Ashley Furniture's

13   business is/was exercised; and the employees who perform(ed) administrative

14   functions, finance, strategy, information systems, legal, and communications

15   work(ed) out of, Ashley Homestores' headquarters in Arcadia, Wisconsin. Ashley

16   Homestores Decl. ¶ 5.

17

18   *Amount In Controversy*

19

20      17.   "The district courts shall have original jurisdiction of all civil actions

21   where the matter in controversy exceeds the sum or value of $75,000, exclusive of

22   interest and costs, and is between (1) citizens of different States." 28 U.S.C. §

23   1332(a).

24

25      18.   Here, the amount in controversy exceeds $75,000, exclusive of

26   interest and costs. 28 U.S.C. 1332(a).

27

28

Mitchell
Silberberg &
Knupp LLP

3959876.1

6

19.     Plaintiffs allege they are entitled to an award of general and special damages in accordance with proof at trial, including but not limited to the revenues and profits allegedly received by Defendants as a result of Defendants' alleged unauthorized use of the "Brando" name and associated trademarks.  Complaint p. 13.

20.     In addition, Plaintiff alleges that it is entitled to treble damages, punitive damages, and attorneys' fees, prayers that leave no doubt the amount in controversy exceeds $75,000.  Ex. 1: Complaint ¶¶ 35, 37, 44, 49; *see Yeroushalmi v. Blockbuster, Inc.*, 2005 U.S. Dist. LEXIS 39331, *17 (C.D. Cal. 2005) (punitive damages may be considered in calculating amount in controversy for purposes of diversity jurisdiction); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F. 3d 994, 1000 (9th Cir. 2007) (attorneys' fees may be considered in calculating amount in controversy for purposes of diversity jurisdiction).

21.     As set forth in the declarations submitted by Ashley Furniture and Ashley Homestores, filed concurrently with this Notice of Removal, based on Plaintiff's allegations (which Defendants deny), the amount in controversy (i.e., the amount Plaintiff seeks to recover as Defendants' revenues and profits) exceeds $75,000. Ashley Furniture Decl. ¶¶ 8-9; Ashley Homestores Decl. ¶¶ 8-9.  This is especially true if Plaintiff is entitled to receive a multiplied award and/or attorneys' fees.

## **Procedural Requirements**

22.     This Notice of Removal is being filed within thirty (30) days after service of the Complaint on all Defendants on June 24, 2011).  Ashley Furniture Decl. ¶ 9; Ashley Homestores Decl. ¶ 9.  Thus, removal is timely filed pursuant to

Mitchell
Silberberg &
Knupp LLP

3959876.1

7

1  28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344,

2  354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (finding time to remove begins

3  from the date service is effectuated).

4

5      23.    The Superior Court of the State of California for the County of Los

6  Angeles, West District, is located in Los Angeles County, which is embraced by

7  the Western Division of the United States District Court for the Central District of

8  California.  Therefore, removal to the Central District, Western Division, is proper.

9  28 U.S.C. section 1441(a).

10

11      24.    A copy of this Notice of Removal will be filed with the Superior

12  Court of the State of California for the County of Los Angeles, West District and

13  served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an

14  appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be

15  served and filed in the above-entitled Court.

16

17      25.    The undersigned has read this Notice of Removal, and, to the best of

18  the undersigned's knowledge, information, and belief, formed after reasonable

19  inquiry, it is well-grounded in fact, is warranted by existing law, and is not

20  interposed for any improper purpose, such as to harass, cause unnecessary delay, or

21  needlessly to increase the cost of litigation.

22

23      26.    By this Notice of Removal Defendants do not admit that Plaintiff's

24  allegations have any merit whatsoever, and expressly reserve the right to challenge

25  all such allegations on any and all grounds available.

26

27

28

Mitchell
Silberberg &
Knupp LLP
3959876.1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    WHEREFORE, Defendants hereby remove the above-entitled civil action

2   from the Superior Court of the State of California for the County of Los Angeles,

3   West District to this Court.

4

5   Dated: July 20, 2011                    AARON M. WAIS
                                            CHRISTOPHER A. ELLIOTT
6                                           MITCHELL SILBERBERG & KNUPP LLP

7

8                                           By: _____
                                                Aaron M. Wais
9
                                            Attorneys for Defendants
10                                          Ashley Furniture Industries Inc. and
                                            Ashley Homestores, Ltd.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 3 2011

John A. Clarke, Executive Officer/Clerk

By _A. WILLIAMS_
DEPUTY

1  JEFFREY I. ABRAMS (State Bar No. 162735)
   WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
2  11400 West Olympic Boulevard, 9th Floor
   Los Angeles, California 90064-1582
3  Telephone:   (310) 478-4100
   Facsimile:   (310) 479-1422
4

5  Attorneys for Plaintiff
   BRANDO ENTERPRISES, L.P.
6

CASE MANAGEMENT CONFERENCE

OCT 1 1 2011
Date

7  CESAR C. SARMIENTO   Dept. J  830 am

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  COUNTY OF LOS ANGELES, WEST DISTRICT

10  **SC113141**

11  BRANDO ENTERPRISES, L.P., a     Case No.
    Delaware limited partnership,
12                                  **COMPLAINT FOR DAMAGES AND**
           Plaintiff,               **INJUNCTIVE RELIEF FOR:**
13
       vs.                          **1. MISAPPROPRIATION OF**
14                                     **RIGHT OF PUBLICITY**
    ASHLEY FURNITURE INDUSTRIES        **(CALIFORNIA CIVIL CODE §**
15  INC., a Wisconsin corporation; ASHLEY  **3344.1);**
    HOMESTORES, LTD., a Wisconsin    **2. FEDERAL TRADEMARK**
16  corporation d/b/a Ashley Furniture   **INFRINGEMENT – FALSE**
    Homestore; and DOES 1-20, inclusive,  **DESIGNATION OF ORIGIN**
17                                     **(15 U.S.C. §1125(a)); and**
           Defendants.              **3. FEDERAL TRADEMARK**
18                                     **INFRINGEMENT – DILUTION**
                                       **(15 U.S.C. §1125(c))**
19
20                                  **DEMAND FOR JURY TRIAL**

21

22      Plaintiff Brando Enterprises, L.P. hereby alleges as follows:

23                  **SUMMARY OF THE ACTION**

24      1.    Plaintiff Brando Enterprises, L.P. ("Brando Enterprises" or "Plaintiff") owns

25  all of the intellectual property rights, including all trademarks and publicity rights, of and

26  associated with the legendary late actor Marlon Brando, whose name and identity have

27  tremendous commercial value.  Among other things, over the last few years Plaintiff has

28  entered into licensing agreements with leading international brands and companies such as

-1-
COMPLAINT

Exhibit 1 – Page 10

1  Triumph Motorcycle, MasterCard, Dolce & Gabbana and Liu-Jo Jeans for use of Marlon
2  Brando's name, image and/or likeness.

3      2.    Defendant Ashley Furniture Industries, Inc. has utilized the name, trade
4  name, trade dress, and slogan, "Brando," in manufacturing, distributing, marketing,
5  advertising, and promoting a line of furniture called "Brando," which includes "Brando"
6  sofas and "Brando" ottomans.

7      3.    Defendant Ashley Furniture Industries, Inc. used the Marlon Brando name,
8  identity, and trademarks, and the "Brando" name, trade name, trade dress, and slogan, for
9  commercial purposes without seeking or obtaining the approval of Brando Enterprises, and
10 without paying any compensation to Brando Enterprises for the use of such rights, let
11 alone compensation commensurate with the substantial commercial value of such rights.
12 Brando Enterprises therefore seeks monetary damages, statutory damages, punitive
13 damages, treble damages, attorneys' fees, and a preliminary and permanent injunction to
14 stop all future uses of the Marlon Brando publicity rights, trademark rights, and other
15 rights.

16     4.    Defendant Ashley Homestores, Ltd. has utilized the name, trade name, trade
17 dress, and slogan, "Brando," in marketing, advertising, promoting, offering for sale, and
18 selling a line of furniture called "Brando," which includes "Brando" sofas and "Brando"
19 ottomans.

20     5.    Defendant Ashley Homestores, Ltd. used the Marlon Brando name, identity,
21 and trademarks, and the "Brando" name, trade name, trade dress, and slogan, for
22 commercial purposes without seeking or obtaining the approval of Brando Enterprises, and
23 without paying any compensation to Brando Enterprises for the use of such rights, let
24 alone compensation commensurate with the substantial commercial value of such rights.
25 Brando Enterprises therefore seeks monetary damages, statutory damages, punitive
26 damages, treble damages, attorneys' fees, and a preliminary and permanent injunction to
27 stop all future uses of the Marlon Brando publicity rights, trademark rights, and other
28 rights.

691223.1

-2-
COMPLAINT

Exhibit 1 – Page 11

**The Parties**

6.   Plaintiff Brando Enterprises is a Delaware limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business located in the County of Los Angeles, State of California.

7.   Plaintiff is informed and believes and based thereon alleges that Ashley Furniture Industries, Inc. ("Ashley") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Wisconsin, authorized to do business in the State of California and doing business in the County of Los Angeles, State of California.

8.   Plaintiff is informed and believes and based thereon alleges that Ashley Homestores, Ltd. ("Homestores") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Wisconsin, doing business as Ashley Furniture Homestore, authorized to do business in the State of California and doing business in the County of Los Angeles, State of California.  Plaintiff is informed and believes and based thereon alleges that Homestores is a licensee and/or subsidiary of Ashley, and that Homestores operates hundreds of stores located in the United States, including multiple stores located within Los Angeles County, California.

9.   Plaintiff is informed and believes and based thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein.  The true names and capacities of such fictitiously-named Defendants, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained.  For convenience, each reference to a named Defendant herein shall also refer to Does 1 through 20.  All defendants, including both the named defendants and those referred to herein as Does 1 through 20, are sometimes collectively referred to herein as "Defendants."

Exhibit 1 – Page 12

10.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture. Plaintiff further is informed and believes and based thereon alleges that the acts and conduct herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## Marlon Brando Intellectual Property Rights

11.     On July 1, 2004, Marlon Brando died in Los Angeles, California. Mr. Brando was a permanent resident of the State of California at the time of his death.

12.     Upon his death, all of Mr. Brando's intellectual property rights, including his rights of publicity and existing trademarks (collectively, the "Brando IP Assets"), were transferred to Mr. Brando's estate. The estate added to the existing Brando IP Assets by obtaining certain U.S. Trademark registrations, described herein.

13.     On October 3, 2005, the Los Angeles Superior ordered the transfer of all of the Brando IP Assets, including all trademarks and publicity rights, to the Brando Trust.

14.     Effective as of January 1, 2009, all of the Brando IP Assets were transferred to plaintiff Brando Enterprises, which presently owns and controls the Brando IP Assets.

15.     Among other Brando IP Assets, at all times relevant hereto Plaintiff has owned the following trademark registrations filed with the United States Patent and Trademark Office ("USPTO"):

   a.     U.S. Trademark Registration No. 3,930,041 for MARLON BRANDO for a wide variety of products and services;

   b.     U.S. Trademark Registration No. 3,939,084 for THE BRANDO for a wide variety of products and services; and

   c.     U.S. Trademark Serial No. 77/714608 for THE BRANDO for hotel, resort, restaurant, and spa services.

16.     The name, identity, and persona of Marlon Brando are instantly recognized by the public and have substantial commercial value.

17.     Plaintiff exercises careful consideration before permitting the commercial use of the Brando IP Assets, to ensure that they are associated with high quality products, entertainment, services, and/or companies, and to ensure that the value of the Brando IP Assets are not diminished, either by association with products, entertainment, services, and/or companies that Plaintiff does not desire to support, and/or by over-saturation of the Brando IP Assets.

18.     Plaintiff generally does not allow the Brando IP Assets to be used for commercial purposes, unless the compensation paid for such use is both commensurate with the value of the exploitation of the particular Brando IP Assets used, and sufficient to compensate Plaintiff for any potential diminution in value thereof from their exploitation.

19.     The Brando IP Assets are highly valuable.  Marlon Brando is regarded as one of the greatest actors of all time by film critics, motion picture trade associations, major media organizations, and the public.  Marlon Brando won numerous acting awards throughout his long and successful acting career including, among many others, two Academy Awards for Best Actor in a Leading Role in 1955 for his portrayal of "Terry Malloy" in *On the Waterfront*, and in 1973 for his portrayal of "Don Vito Corleone" in *The Godfather*.  The following is a list of films starring Marlon Brando during his 50 year career:

| | |
|---|---|
| The Score (2001) | Apocalypse Now (1979) |
| Free Money (1998) | The Countess From Hong Kong (1967) |
| The Brave (1997) | The Appaloosa (1966) |
| The Island of Dr. Moreau (1996) | The Chase (1966) |
| Don Juan DeMarco (1994) | Morituri (1965) |
| Christopher Columbus: The Discovery (1992) | Bedtime Story (1964) |
| The Freshman (1990) | The Ugly American (1963) |

| | |
|---|---|
| A Dry White Season (1989) | Mutiny on the Bounty (1962) |
| The Formula (1980) | One-Eyed Jacks (1961) |
| Apocalypse Now (1979) | The Fugitive Kind (1960) |
| Superman (1978) | The Young Lions (1958) |
| The Missouri Breaks (1976) | Sayonara (1957) |
| Last Tango in Paris (1972) | The Teahouse of the August Moon (1956) |
| The Godfather (1972) | Guys and Dolls (1955) |
| The Nightcomers (1971) | Desirée (1954) |
| Burn! (1969) | On the Waterfront (1954) |
| The Night of the Following Day (1968) | The Wild One (1953) |
| Good Grief It's Candy (1968) | Julius Caesar (1953) |
| Reflections in a Golden Eye (1967) | Viva Zapata! (1952) |
| Woman Times Seven (1967) | A Streetcar Named Desire (1951) |
| | The Men (1950) |

20.     Among many other honors and awards, Marlon Brando received a Star on the "Hollywood Walk of Fame" located at 1777 Vine Street in Hollywood, California.  Mr. Brando also was awarded the Golden Globe Award for World Film Favorite, Male, for 1955, 1972 and 1973, respectively.

21.     The American Film Institute ("AFI") periodically surveys more than 1,500 leaders throughout the film industry to determine their collective opinion regarding the greatest acting legends of all time, and also the greatest motion pictures of all time. According to the AFI's latest survey, Marlon Brando ranks fourth (4th) on the list of the All-Time Greatest Male Acting Legends.  Moreover, four of the films in which Mr. Brando starred rank within AFI's Top 100 of all-time greatest motion pictures: *The Godfather* (#2), *On the Waterfront* (#19), *Apocalypse Now* (#30) and *A Streetcar Named Desire* (#47).  Quotes from three of Mr. Brando's films are ranked within AFI's Top 100 Movie Quotes of all time, including:

| Rank | Film | Quote |
|------|------|-------|
| 2 | *The Godfather* | "I'm going to make him an offer he can't refuse." |
| 3 | *On The Waterfront* | "You don't understand! I coulda had class. I coulda been a contender. I could've been somebody, instead of a bum, which is what I am." |
| 45 | *Streetcar Named Desire* | "Stella! Hey, Stella!" |

22.     On June 14, 1999, Time magazine listed Marlon Brando as one of the "Time 100 Persons of the Century."

23.     Marlon Brando and the successors of the Brando IP Assets, including Brando Enterprises, have, on limited occasions, agreed to license certain Brando IP Assets (i) for commercial purposes after careful evaluation of the product or service that would be advertised; (ii)  when the monetary compensation and other benefits were sufficient for the rights being exploited; and/or (iii) when the use fit within an overall publicity strategy for the commercialization of Marlon Brando's name, image, identity, persona, and legacy.

24.     Among other commercial uses, Plaintiff recently has entered into licensing agreements with such companies as Triumph Motorcycle, MasterCard, Dolce & Gabbana and Liu-Jo Jeans.

### Defendants' Wrongful Conduct

25.     Plaintiff is informed and believes and based thereon alleges that defendant Ashley is a privately owned company that designs, manufactures, and distributes furniture products that are sold worldwide through the internet, mail order catalogs, and hundreds of retail stores located throughout the world, including within this judicial district.

26.     Plaintiff is informed and believes and based thereon alleges that defendant Homestores is a privately owned company that advertises, markets, promotes, offers for sale, and sells furniture products worldwide through the internet, mail order catalogs, and at hundreds of retail stores located throughout the world, including within this judicial

1   district.

2       27.    Plaintiff is informed and believes and based thereon alleges that Defendants

3   intentionally and prominently used the name, identity, publicity rights, and trademarks of

4   Marlon Brando, and associated trade name, trade dress, and/or slogan, in advertisements,

5   marketing, and promotional materials (collectively, "Advertisements") for a line of

6   furniture called "Brando," which includes "Brando" sofas and "Brando" ottomans (the

7   "Infringing Products"), designed, manufactured, distributed, advertised, marketed,

8   promoted, offered for sale, and sold by Defendants.

9       28.    Defendants have used the Brando name, identity, and trademarks for the

10   purpose of attracting attention to the Infringing Products, and enhancing the advertising

11   and marketing thereof.  It is irrefutable that Defendants' use of the name and mark,

12   "Brando," was intended to refer to actor Marlon Brando, and not to any other person or

13   thing.  In addition to the "Brando," furniture line, Defendants have designed,

14   manufactured, distributed, advertised, marketed, promoted, offered for sale, and sold lines

15   of furniture called "Presley," "Cooper," and "Newman" at all times relevant herein.

16       29.    At no time did Plaintiff ever give permission to Defendants to use the

17   Brando IP Assets to market or sell the Infringing Products, or otherwise in association with

18   the Infringing Products, including, without limitation, the manufacturing, marketing, or

19   sales thereof, nor has Plaintiff ever received any compensation for such unauthorized

20   commercial use of the Brando IP Assets.  Without the consent of Plaintiff, the Defendants,

21   and each of them, have reproduced, copied, or colorably imitated Plaintiff's trademarks,

22   trade name, trade dress, and/or slogan, and applied such reproduction, copy, or colorable

23   imitations to labels, signs, prints, packages, wrappers, receptacles, and/or advertisements

24   intended to be used in commerce upon, or in connection with, the sale, offering for sale,

25   distribution, or advertising of the Infringing Products, on or in connection with such use is

26   likely to cause confusion, or to cause mistake, or to deceive.

27       30.    Plaintiff is informed and believes and based thereon alleges that Defendants

28   intentionally, negligently, and/or knowingly used the Brando IP Assets in the

691223.1

-8-
COMPLAINT

Exhibit 1 – Page 17

1 | Advertisements for the purpose of advertising and promoting the Infringing Products.

2 |      31.    Plaintiff has developed and cultivated the Brando IP Assets to create

3 | celebrity and universal recognition.  Defendants have, without any right, title or

4 | authorization, misappropriated Plaintiff's valuable rights and the resulting success and

5 | popularity of Marlon Brando by unlawfully using his name, identity, and trademarks for

6 | the aforesaid commercial purposes.

### FIRST CAUSE OF ACTION

**(Misappropriation of Right of Publicity – California Civil Code §3344.1**

**Against All Defendants, including Does 1 through 20)**

10 |      32.    Plaintiff repeats, re-alleges, adopts and incorporates each and every

11 | allegation contained in Paragraphs 1-31, inclusive, as though fully set forth herein.

12 |      33.    The conduct of Defendants, as alleged hereinabove, constitutes a violation of

13 | Section 3344.1 of the California Civil Code, due to the knowing and unauthorized use of

14 | Marlon Brando's name and identity for commercial purposes, which have substantial

15 | commercial value.

16 |      34.    As a direct and proximate result of the aforesaid wrongful acts of

17 | Defendants, Plaintiff has been damaged in an amount that is not yet fully ascertainable, but

18 | which exceeds the jurisdictional minimum of this Court.  When Plaintiff has ascertained

19 | the full amount of its damages, it will seek leave of Court to amend this Complaint

20 | accordingly.

21 |      35.    As a direct and proximate result of the aforesaid wrongful acts of

22 | Defendants, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees

23 | and costs.  Plaintiff is entitled to an award of its attorneys' fees and costs incurred in

24 | connection with this action pursuant to Section 3344.1(a)(1) of the California Civil Code.

25 |      36.    By reason of the aforesaid wrongful acts of Defendants, in addition to the

26 | relief sought hereinabove, Plaintiff is entitled to an accounting of all of Defendants'

27 | revenues and profits associated with the unauthorized use of Marlon Brando's name and

28 | identity, and to an award of all such sums.  By reason of Defendants' wrongful acts as

1  alleged hereinabove, Defendants are involuntary trustees holding all such sums in their

2  possession under a constructive trust for the benefit of Plaintiff with a duty to transfer the

3  same to Plaintiff forthwith.

4      37.    Plaintiff is informed and believes, and based thereon alleges, that

5  Defendants, in doing the things herein alleged, acted willfully, maliciously, and

6  oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff,

7  and with willful and deliberate disregard for the consequences to Plaintiff. By reason

8  thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in

9  an amount to be determined at the time of trial.

10      38.    Plaintiff also seeks a preliminary and permanent injunction to prohibit

11  Defendants from any further commercial use of Plaintiff's publicity rights, including Mr.

12  Brando's name, photograph, likeness, image, voice, sound-alike voice, signature, and

13  identity.

14  **SECOND CAUSE OF ACTION**

15  **(Trademark Infringement – False Designation of Origin, 15 U.S.C. §1125(a)**

16  **Against All Defendants, including Does 1 through 20)**

17      39.    Plaintiff repeats, re-alleges, adopts and incorporates each and every

18  allegation contained in Paragraphs 1-31, inclusive, as though fully set forth herein.

19      40.    The Marlon Brando name and associated trademarks have been extensively

20  advertised and promoted throughout the world for over 50 years in connection with Mr.

21  Brando's entertainment and related services, and as a result of this advertising and

22  promotion, the "Brando" name and associated trademarks are recognized throughout

23  worldwide trading areas and channels of trade as famous and distinctive, and are identified

24  by the purchasing public with Plaintiff. Plaintiff's "Brando" trademarks are famous and

25  distinctive within the meaning of U.S. trademark law, including 15 U.S.C. §§1125 and

26  1127.

27      41.    Defendants' use, and continuing use, in interstate commerce of the name and

28  mark "Brando" in connection with the manufacture, marketing, distribution, and sale of the

691223.1

-10-

COMPLAINT

Exhibit 1 – Page 19

1  Infringing Products, constitutes a violation of 15 U.S.C. §1125(a), in that it creates a false

2  designation of origin as to the goods and services advertised, distributed, offered, and

3  provided by Defendants, which is likely to confuse, mislead, or deceive the consuming

4  public and trade by creating the false impression that the Infringing Products were

5  approved, sponsored, endorsed, guaranteed by, and/or are in some way affiliated with

6  Marlon Brando and/or Plaintiff.

7      42.    Defendants' use, and continuing use, in interstate commerce of the name and

8  mark "Brando" in connection with the Infringing Products also constitutes a false or

9  misleading description or representation in interstate commerce, in violation of 15 U.S.C.

10  §1125(a).

11      43.    As a direct and proximate result of the conduct of Defendants, Plaintiff is

12  entitled pursuant to 15 U.S.C. §1117(a) to the recovery of: (1) Defendants' profits related

13  to the Infringing Products; (2) any damages sustained by Plaintiff as a result of

14  Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial;

15  and (3) Plaintiff's costs of suit.

16      44.    Plaintiff is informed and believes, and based thereon alleges, that since

17  Defendants have committed the acts alleged above with knowledge of Plaintiff's prior

18  right to and use of Plaintiff's trademarks, and with the willful intent to trade on Marlon

19  Brando's goodwill and reputation, this case is exceptional under 15 U.S.C. §1117(a),

20  entitling Plaintiff to treble damages, and also to the recovery of its attorneys' fees.

21      45.    Defendants' wrongful acts will continue unless enjoined by this Court.

22  Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a

23  result of the aforesaid acts of Defendants in an amount thus far not determined.

24  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

25              **THIRD CAUSE OF ACTION**

26      **(Trademark Infringement – Dilution, 15 U.S.C. §1125(c)**

27          **Against All Defendants, including Does 1 through 20)**

28      46.    Plaintiff repeats, re-alleges, adopts and incorporates each and every

691223.1                          -11-
                                 COMPLAINT

Exhibit 1 – Page 20

1   allegation contained in Paragraphs 1-31 and 40-45, inclusive, as though fully set forth

2   herein.

3       47.     Plaintiff is informed and believes and based thereon alleges that Defendants'

4   activities were conducted with full recognition of the use by Plaintiff of the "Brando"

5   name and associated trademarks in worldwide trading areas and channels of trade.

6   Defendants' use commenced many years after the "Brando" name and associated

7   trademarks had become famous.  Defendants' activities have and will continue to cause

8   dilution of the distinctive quality of the trademarks by lessening and diluting their capacity

9   to identify and distinguish the entertainment and related services associated with Marlon

10  Brando, to the damage and harm of Plaintiff, in violation of the Federal Trademark

11  Dilution Act of 1995, 15 U.S.C. §1125(c)(1).

12      48.     The activities of Defendants as alleged above have caused and will cause

13  irreparable harm to Plaintiff, for which it has no adequate remedy at law in that:  (i) if the

14  wrongful conduct continues, Plaintiff's trademarks risk further dilution; and (ii)

15  Defendants' wrongful conduct, and the damages resulting to Plaintiff, are continuing.

16  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to

17  15 U.S.C. §1125(c)(2).

18      49.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

19  have committed the acts alleged above: (1) with previous knowledge of Plaintiff's prior

20  right to and use of Plaintiff's trademarks; (2) with the willful intent to trade on Mr.

21  Brando's and Plaintiff's good will and reputation; and (3) with the willful intent to cause

22  confusion, mistake, or deception.  As a result, Plaintiff is entitled, pursuant to 15 U.S.C.

23  §1117(a), to treble damages, and also to the recovery of its attorneys' fees.

24      50.     Defendants' wrongful acts will continue unless enjoined by this Court.

25  Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a

26  result of the aforesaid acts of Defendants in an amount thus far not determined.

27  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

28  ///

691223.1

Exhibit 1 – Page 21

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,

2  jointly and severally, as follows:

3    ## AS TO THE FIRST CAUSE OF ACTION:

4    1.    General and special damages in accordance with proof at trial, together with

5  interest thereon at the legal rate;

6    2.    An award of the revenues and profits received by Defendants as a result of

7  the unauthorized use of Marlon Brando's name and identity, and/or other publicity rights;

8    3.    Exemplary and punitive damages in an amount according to proof at the time

9  of trial;

10   4.    Imposition of a constructive trust on all monies and sums received by

11  Defendants as a result of their misappropriation of the Marlon Brando publicity rights

12  (including, without limitation name, image, identity, persona, voice, or signature), with

13  interest thereon at the legal rate;

14   5.    An award of Plaintiff's attorneys' fees;

15   6.    Preliminary and permanent injunction prohibiting Defendants and their

16  affiliated companies from any further use of the "Brando" name and associated publicity

17  rights without Plaintiff's express written permission in advance.

18   ## AS TO THE SECOND AND THIRD CAUSES OF ACTION:

19   1.    General and special damages in accordance with proof at trial, together with

20  interest thereon at the legal rate;

21   2.    An award of the revenues and profits received by Defendants as a result of

22  the unauthorized use of the "Brando" name and associated trademarks;

23   3.    Treble damages;

24   4.    An award of Plaintiff's attorneys' fees;

25   5.    Preliminary and permanent injunction prohibiting Defendants and their

26  affiliated companies from any further use of the "Brando" name and associated trademarks

27  without Plaintiff's express written permission in advance.

28  ///

691223.1

-13-
COMPLAINT

Exhibit 1 – Page 22

1

## AS TO ALL CAUSES OF ACTION:

2    1.    For all costs of suit incurred herein; and

3    2.    For such other and further relief as the Court may deem to be just and proper.

4

5    DATED: June 23, 2011         WOLF, RIFKIN, SHAPIRO,
                                   SCHULMAN & RABKIN, LLP
6

7

8                                By: _____

9                                    JEFFREY I. ABRAMS
                                     Attorneys for Plaintiff
10                                   BRANDO ENTERPRISES, L.P.

11                   ## DEMAND FOR JURY TRIAL

12    Plaintiff hereby demands a trial by jury.

13

14   DATED: June 23, 2011         WOLF, RIFKIN, SHAPIRO,
                                   SCHULMAN & RABKIN, LLP
15

16

17                               By: _____

18                                   JEFFREY I. ABRAMS
                                     Attorneys for Plaintiff
19                                   BRANDO ENTERPRISES, L.P.

20

21

22

23

24

25

26

27

28

691223.1
                                    -14-
                                 COMPLAINT

Exhibit 1 – Page 23

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JEFFREY I. ABRAMS (State Bar . 162735)<br>WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP<br>11400 West Olympic Boulevard, Ninth Floor<br>Los Angeles, California 90064-1582<br>TELEPHONE NO.: (310) 478-4100    FAX NO.: (310) 479-1422<br>ATTORNEY FOR (Name): Plaintiff, BRANDO ENTERPRISES, L.P. | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUN 2 3 2011<br><br>Joan A. Clarke, Executive Officer/Clerk<br>By A. WILLIAMS<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District, Santa Monica Courthouse

CASE NAME: BRANDO ENTERPRISES, L.P., a Delaware limited partnership v.
ASHLEY FURNITURE INDUSTRIES INC., a Wisconsin corporation; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SC113141 |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: CESAR C. SARMIENTO<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☒ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify): Three (Right of Publicity, TM Infringement Sections 1125(a) and 1125(c))
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: June 23, 2011
JEFFREY I. ABRAMS
_____     ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Exhibit 1 – Page 24

CM-010

## INST.    CTIONS ON HOW TO COMPLETE THE    /ER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36) Other
    Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 1 – Page 25

*Claud ezss*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASHLEY FURNITURE INDUSTRIES INC., a Wisconsin corporation;
ASHLEY HOMESTORES, LTD., a Wisconsin corporation d/b/a Ashley Furniture
Homestore; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRANDO ENTERPRISES, L.P., a Delaware limited partnership

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
> **CONFORMED COPY**
> OF ORIGINAL FILED
> Los Angeles Superior Court
>
> JUN 2 3 2011
>
> John A. Clarke, Executive Officer/Clerk
> By **A. WILLIAMS**
> DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES COUNTY SUPERIOR COURT<br>West District, Santa Monica Courthouse<br>1725 Main Street<br>Santa Monica, CA 90401 | CASE NUMBER:<br>*(Número del Caso):*<br>**SC113141** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEFFREY I. ABRAMS (State Bar No. 162735)     T: (310) 478-4100 F: (310) 479-1422    *A. Williams*
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582

| DATE: **JUN 2 3 2011** | **JOHN A. CLARKE** | Clerk, by | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   *Ashley Furniture Industries Inc, a Wisconsin corporation*
3. ☑ on behalf of *(specify):*
   under:   ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* *C/24/11*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
| --- | --- | --- | --- |

Exhibit 1 – Page 26

Cler e ess

SUM-100

# SU MONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 3 2011

John A. Clarke, Executive Officer/Clerk

By   A. WILLIAMS
                              DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASHLEY FURNITURE INDUSTRIES INC., a Wisconsin corporation;
ASHLEY HOMESTORES, LTD., a Wisconsin corporation d/b/a Ashley Furniture
Homestore; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRANDO ENTERPRISES, L.P., a Delaware limited partnership

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
SC113141

LOS ANGELES COUNTY SUPERIOR COURT
West District, Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEFFREY I. ABRAMS (State Bar No. 162735)       T: (310) 478-4100 F: (310) 479-1422   A. Williams
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582

DATE: JUN 2 3 2011          JOHN A. CLARKE          Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   *ASHLEY HOMESTORES, LTD., a Wisconsin corporation d/b/a Ashley Furniture Homestore*
3. ☑ on behalf of (specify):
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date): *6/24/11*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1 – Page 27

| SHORT TITLE:<br>BRANDO ENTERPRISES v. ASHLEY FURNITURE INDUSTRIES | CASE NUMBER | SC113141 |
| --- | --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL    5    ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br><br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

America LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 1 – Page 28

| SHORT TITLE: | CASE | .BER |
|---|---|---|
| BRANDO ENTERPRISES v. ASHLEY FURNITURE INDUSTRIES | | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 1 – Page 29

| SHORT TITLE: | CASE NUMBER |
|---|---|
| BRANDO ENTERPRISES v. ASHLEY FURNITURE INDUSTRIES | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 1 – Page 30

| SHORT TITLE: | CASE NUMBER |
|---|---|
| BRANDO ENTERPRISES v. ASHLEY FURNITURE INDUSTRIES | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:<br>10390 Santa Monica Blvd., Suite 360 |
|---|---|
| ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY:<br>Los Angeles | STATE:<br>CA     ZIP CODE:<br>90025 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Santa Monica _____ courthouse in the **West** _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 23, 2011 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
JEFFREY I. ABRAMS (State Bar No. 162735)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 1 – Page 31

# SC113141

**CASE NO.** _____

## _NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT_

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

_____CESAR C. SARMIENTO_____        Department: _____

☒    Santa Monica Courthouse                  ☐      Judge Richard A. Stone
     1725 Main Street                                Beverly Hills Courthouse
     Santa Monica, CA 90401                          Department WE-X
                                                     9355 Burton Way
                                                     Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

Exhibit 1 – Page 32

**TIME STANDARDS:**  Cases will be subject to processing under the following time standards:

**COMPLAINTS:**  All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint.  The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed.  (CRC 3.110(b).)

**CROSS-COMPLAINTS:**  No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court.  Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action.  (CRC 3.110(c).)

**APPLICABLE RULES:**  Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 7 (Trial Court Delay Reduction), Chapter 8 (Civil Trial Procedure), Chapter 9 (Civil Law and Motion), and California Rules of Court relating to civil case management.  These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:**  A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party.  (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:**  Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)     Resolving any discovery disputes and setting a discovery schedule;

(2)     Identifying and, if possible, informally resolving any anticipated motions;

(3)     Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)     Identifying the facts and issues in the case that are in dispute;

(5)     Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)     Determining whether settlement is possible;

(7)     Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8)     Other relevant matters.

Exhibit 1 – Page 33

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)   Whether there are any related cases;

(2)   Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)   Whether any additional parties may be added or the pleadings may be amended;

(4)   Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)   Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)   Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)   Whether an early settlement conference should be scheduled and, if so, on what date;

(8)   Whether discovery has been completed and, if not, the date by which it will be completed;

(9)   What discovery issues are anticipated;

(10)  Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)  Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)  Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)  Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

-3-

Exhibit 1 – Page 34

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:**  The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines.  Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules.  Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

JOSEPH S. BIDERMAN, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -12/1/10

-4-

Exhibit 1 – Page 35

NAME, ADDRESS AND PHONE NUMBER
OF ATTORNEYS

FILE STAMP

Attorney(s) for:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  | CASE NUMBER |
|---|---|
| PLAINTIFF(S). | |
| vs. | **STIPULATION AND ORDER RE BINDING ARBITRATION** |
| DEFENDANT(S). | Status Conference Date: At_____ a.m. in Department_____ . |

**THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.**

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____ , a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day of_____ , 20__ .

_____
Plaintiff

_____
Attorney for Plaintiff

_____
Defendant

_____
Attorney for Defendant

## ORDER

It is so ordered:

DATE: _____   JUDGE _____

Exhibit 1 – Page 36

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

**The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).**

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

>    **Cases for Which Mediation May Be Appropriate**
>    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

>    **Cases for Which Mediation May Not Be Appropriate**
>    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

>    **Cases for Which Arbitration May Be Appropriate**
>    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

>    **Cases for Which Arbitration May Not Be Appropriate**
>    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

>    **Cases for Which Neutral Evaluation May Be Appropriate**
>    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

>    **Cases for Which Neutral Evaluation May Not Be Appropriate**
>    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-09)
LASC Approved

Page 1 of 2

Exhibit 1 – Page 37

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8585 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (05-09)
LASC Approved

Page 2 of 2

Exhibit 1 – Page 38

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 5997 DMG (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Brando Enterprises, L.P.

**DEFENDANTS**
Ashley Furniture Industries Inc.; Ashley Homestores, Ltd.; Does 1-20

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
Jeffrey I. Abrams
11400 W. Olympic Blvd.
Los Angeles, California 90064-1582
Tel: (310) 478-4100; Fax: (310) 479-1422

**Attorneys** (If Known)
Mitchell Silberberg & Knupp LLP
Karin G. Pagnanelli (kgp@msk.com)
Aaron M. Wais (amw@msk.com)
Christopher A. Elliott (cae@msk.com)
11377 W. Olympic Blvd, Los Angeles, California 90064-1683
Tel: (310) 312-2000; Fax: (310) 312-3100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125, Federal Trademark Infringement - False Designation of Origin, Dilution; California Misappropriation of Right of Publicity

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

LACV11-5997

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wisconsin |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):     Date July 20, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com