UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRANDO ENTERPRISES, L.P., a Delaware limited partnership,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation; ASHLEY HOMESTORES LTD., a Wisconsin corporation d/b/a Ashley Furniture Homestore; and DOES 1-20, inclusive,<br><br>　　　　　　Defendants. | Case No.:  CV 11-5997 DMG (FFMx)<br><br>[PROPOSED]<br>**PROTECTIVE ORDER**<br>**RE THE TREATMENT OF**<br>**CONFIDENTIAL INFORMATION**<br>**PRODUCED IN DISCOVERY**<br><br>**NOTE CHANGES MADE BY COURT** |

## PROTECTIVE ORDER

1. The parties each possess, control, or have in their custody certain nonpublic information that constitutes trade secret or other confidential, proprietary, or private information for which special protection from public disclosure is warranted.  This Protective Order does not confer blanket protections on all disclosures or responses to discovery; the protection that this Protective Order affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment.  This Protective Order creates no entitlement

to file any material under seal; Local Rule 79-5 reflects the standards that will be applied when any party seeks permission to file material under seal and must be followed.

2. The restrictions set forth in this Protective Order shall apply to all information produced during discovery or submitted in proceedings in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential – Attorneys' Eyes Only" (collectively, "Confidential Information"). The restrictions set forth in this Protective Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, is public knowledge, has been disclosed to the public or otherwise is publicly available, or which has not been kept confidential by the disclosing party prior to this litigation. The restrictions set forth in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Protective Order or other obligation of confidentiality.

3. If any exhibit, pleading, response to disclosures and/or discovery, deposition transcript, hearing transcript, or other transcript of testimony, declaration or affidavit (collectively "testimony"), or any document, electronically stored information, or thing produced in discovery in this action contains information considered confidential by a party or third party witness, deponent, or subpoena recipient, such discovery response, testimony, or document, electronically stored information, or thing shall be designated "Confidential" or "Confidential – Attorneys' Eyes Only" by the party contending there is confidential information therein (the "Designating Party"). Designation shall be made by affixing the legend "Confidential" or "Confidential – Attorneys' Eyes Only" to the confidential material in a conspicuous manner (without interfering with the legibility of the material) before the production or service of such material.

4.	As a general guideline, a document should be designated "Confidential" only when it contains trade secrets; competitively sensitive technical, marketing, financial, sales, or other proprietary or confidential business information; private or confidential personal information; or information received in confidence from a third party that may be reviewed by the party receiving it (the "Receiving Party"), and the Receiving Parties' experts and other representatives, but should be protected against disclosure to third parties.

5.	As a general guideline, a document should be designated "Confidential – Attorneys' Eyes Only" only when it contains the Designating Party's most highly sensitive financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or third parties.

6.	A Designating Party shall in good faith take care to designate as "Confidential" or "Confidential – Attorneys' Eyes Only" only those portions of disclosures that qualify so that other portions of the disclosures for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  If after designating a disclosure as "Confidential" or "Confidential – Attorneys' Eyes Only" the Designating Party believes that such disclosure does not qualify for the level of protection asserted, the Designating Party shall promptly notify all other parties and correct the mistaken designation.

7.	Confidential Information that has been obtained during the course of this action may not be disclosed by any Receiving Party except as provided in this Protective Order.  Counsel for a party may give advice and opinions to their client based on evaluation of Confidential Information.  For information designated

1  "Confidential – Attorneys' Eyes Only," such rendering of advice and opinions shall
2  not reveal the content of such information except by prior agreement with opposing
3  counsel documented in writing (email confirmation shall suffice).

4      8.    **Deposition** Testimony may be designated as "Confidential" or
5  "Confidential – Attorneys' Eyes Only" at the time of the testimony, or within thirty
6  (30) days following receipt of the transcript of the testimony, and shall be subject to
7  the provisions of this Order. Additional information disclosed during a deposition ~~or~~
8  ~~hearing~~ may be designated as "Confidential" or "Confidential – Attorneys' Eyes
9  Only" by notifying the other party, in writing, within thirty (30) days after receipt of
10 the transcript, of the specific pages of the transcript that should also be so designated.
11 Unless otherwise agreed on the record, all **deposition** transcripts shall be treated as
12 "Confidential – Attorneys' Eyes Only" for a period of thirty-one (31) days after their
13 receipt, and the transcript shall not be disclosed by a non-Designating Party to persons
14 other than those persons permitted by this Protective Order to review documents or
15 materials designated "Confidential – Attorneys' Eyes Only" on behalf of that non-
16 Designating Party, provided, however, that it is expected that the parties shall seek to
17 agree on the record during and/or at the end of a deposition when the testimony
18 clearly was not Confidential Information. **(FFM)**

19     9.    Without written permission from the Designating Party or Court order
20 secured after appropriate notice to all interested persons, a party may not file in the
21 public record in this action any material designated "Confidential" or "Confidential –
22 Attorneys' Eyes Only." A party that seeks to file such material under seal must
23 comply with Local Rule 79-5. The application must demonstrate good cause for the
24 under seal filing.

25     10.    As used in this Protective Order, "Trial Counsel" refers exclusively to the
26 following:
27     a.    For Plaintiffs/Counter-defendants: The attorneys, paralegals,
28 agents, and support staff of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP.

761541.1     -4-
**[PROPOSED] PROTECTIVE ORDER**
C:\Documents and Settings\amw\Local Settings\Temporary Internet Files\OLKF19\Proposed Protective Order 080811(a) doc.DOC

      b.    For Defendants/ Counterclaimants: The attorneys, paralegals, agents, and support staff of Mitchell, Silberberg & Knupp, LLP.

      c.    Others: Such additional attorneys (and their paralegals, agents and support staff) as enter an appearance in this matter for any existing or additional party, as may be ordered by the Court or subsequently as may be agreed upon by the parties.

11.    Material designated as "Confidential" that has been obtained during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel, and to the persons designated below and only in accordance with the terms of this Protective Order:

      a.    A party, or an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

      b.    Independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action. For the purpose of this Protective Order, an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party;

      c.    Court reporter(s) employed in this action;

      d.    Agents of Trial Counsel needed to perform various services such as copying, creating demonstrative exhibits, and litigation support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of copying, encoding, loading into a computer and/or storing and maintaining documents, electronically stored information and things, transcripts, pleadings, or attorney work product;

      e.    Witnesses at trial and any other in-Court proceeding of this action;

      f.    Authors of the material bearing a "Confidential" or "Confidential –

761541.1   -5-
[PROPOSED] PROTECTIVE ORDER
C:\Documents and Settings\amw\Local Settings\Temporary Internet Files\OLKF19\Proposed Protective Order 080811(a) doc.DOC

Attorneys' Eyes Only" legend;

      g.    Persons who were recipients of the material bearing a "Confidential" or "Confidential – Attorneys' Eyes Only" legend, provided that such person did not receive such material in breach of this Protective Order;

      h.    Witnesses in any deposition or other proceeding, provided that counsel questioning the witness has a good faith and reasonable basis to believe that the witness either has seen the document before or has knowledge of the contents contained within the document.  If the witness testifies that he or she has never seen the document before and does not have knowledge of its contents, then counsel questioning the witness shall promptly withdraw the document from the witness.

      i.    The Mediator or Settlement Officer in this action.

      j.    Any other persons as to whom the parties in writing agree.

12.    Material designated as "Confidential – Attorneys' Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel, to the persons designated in sections 11 (b) through (j) above, and to the following designated representatives of the parties (and the assistants and paralegals of these persons):

    For Plaintiffs:  Larry J. Dressler, Mike Medavoy, and Avra Douglas, each of whom is an officer of Plaintiff's general partner and a trustee of Plaintiff's limited partners; and David J. Seeley, Esq. of Livengood, Fitzgerald & Alskog in Kirkland, Washington.

    For Defendants: Daniel Aiman, William Koslo, and Bryan Tillman, each of whom is an attorney of Defendant, as well as Todd Wanek, President & CEO and Ronald Wanek, Chairman of the Board.

13.    Individuals to whom disclosure is made under paragraphs 11(a) and 11(b) shall be given a copy of this order before being shown any Confidential Information, and its provisions shall be explained to such persons by an attorney.  Each such person, before having access to the Confidential Information, shall agree not to

761541.1    -6-
**[PROPOSED] PROTECTIVE ORDER**
C:\Documents and Settings\amw\Local Settings\Temporary Internet Files\OLKF19\Proposed Protective Order 080811(a) doc.DOC

disclose or make use of any such material other than solely for purpose of this litigation, and shall acknowledge those obligations and that he/she understands the terms of this Protective Order and agrees to comply with it and be bound by it in writing by signing a document in the form of Exhibit "A" attached hereto.  Witnesses shown Confidential Information at a deposition or hearing shall not be allowed to retain copies of the material.  However, a witness who was shown such material during a deposition may review the material while reviewing his transcript, provided that any such material is not retained by the witness after he/she has completed his/her review of the transcript for accuracy.

14. If any party desires at a hearing to offer into evidence material designated "Confidential" or "Confidential – Attorneys' Eyes Only," or to use such material in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such material and in accordance with the instructions of the Court, which may include the offering of material outside the presence of persons other than court personnel and counsel.

15. Any Confidential Information may be used in any deposition taken of the party producing such material or its employees without consent, and in any other deposition subject to the provisions in Sections 11 and 12, above.  Whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such material pursuant to the terms of this Protective Order.

16. A Receiving Party who objects to the designation of any material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall state the objection in a letter to counsel for the Designating Party.  Parties shall make a good faith effort to avoid the Court's involvement to resolve disputes.  If the objection cannot be resolved within ten (10) days following receipt of the objection, the Receiving Party may move the Court to determine whether the material qualifies for treatment as "Confidential"

or "Confidential – Attorneys' Eyes Only." If the Receiving Party files such a motion, the material will continue to be treated in accordance with its designation and this Protective Order until and unless the Court rules. The Designating Party shall bear the burden of establishing that the material qualifies for treatment as "Confidential" or "Confidential – Attorneys' Eyes Only." **Any such motion must comply with Local Rule 37. (FFM)**

17. A Receiving Party shall not be obligated to challenge the propriety of the designation of any material at the time such designation is made; and failure to do so shall not preclude a subsequent challenge for any purpose.

18. If a party, through inadvertence or mistake, produces Confidential Information without marking it with the legend "Confidential" or "Confidential – Attorneys' Eyes Only," or by designating it with an incorrect level of confidentiality, the party may give written notice to the Receiving Party that the material contains "Confidential" or "Confidential – Attorneys' Eyes Only" material and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the Receiving Party shall return all unmarked materials (and not retain any copies thereof) and must treat such material in accordance with its designation and cooperate in restoring the confidentiality of such material. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Receiving Party is notified and properly marked documents are supplied as provided herein. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated material before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

19. If a Receiving Party discloses Confidential Information through inadvertence or otherwise to any person or party not authorized under this Protective Order, the Receiving Party shall immediately notify the Disclosing Party of the disclosure, and the Receiving Party shall use its best efforts to promptly retrieve all copies of any such Confidential Information and to bind such person to the terms of this Protective Order, including cooperating in obtaining an order of the Court to remedy the inadvertent disclosure, if necessary. The Receiving Party also shall: (a) promptly inform such unauthorized person of all the provisions of this Protective Order, including providing such person with a copy of this Order; (b) identify such person immediately to the Disclosing Party and inform the Disclosing Party of all pertinent facts relating to the inadvertent disclosure; and (c) request that such unauthorized person sign the "Agreement to Be Bound by Protective Order" (Exhibit "A").

20. Neither the taking of, or the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any party's right to seek and obtain protection or relief with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than confidentiality, nor shall it relieve a party of the necessity of proper responses to discovery requests.

21. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Protective Order, as to any third party, with respect to any Confidential Information. The fact that information is designated "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order shall not be deemed to be determinative of what a trier of fact may

determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to seek adjudication of, or the Court to determine *sua sponte*:

    a.    Whether any particular information is or is not "Confidential" or "Confidential – Attorneys' Eyes Only" material;

    b.    Whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    c.    Whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

22. The terms of this Protective Order apply to material produced in this litigation by non-parties, and confidential information produced by a non-party in connection with this litigation shall be treated in accordance with this Protective Order. To protect its own confidential information, a party may ask a non-party to execute a document in the form of Exhibit "A" attached hereto.

23. If Confidential Information is requested from any Receiving Party by any court, government entity, or third party pursuant to a valid subpoena or other court order, the Receiving Party shall immediately notify the other parties to this action in writing and make a good faith effort to provide the Disclosing Party a reasonable time in which to object or take steps to protect its interests before any confidential information is produced.

24. In the event that any person or party violates or threatens to violate the terms of this Protective Order, the aggrieved Disclosing Party may immediately seek injunctive relief against such person or party.

25. Nothing contained in this Protective Order shall affect or waive any party's right to object to the admissibility, discoverability, or privileged or exempted nature of any disclosure, all such objections and exemptions being specifically preserved.

26. The parties may agree in writing to reasonable modifications of or

761541.1     -10-
**[PROPOSED] PROTECTIVE ORDER**
C:\Documents and Settings\amw\Local Settings\Temporary Internet Files\OLKF19\Proposed Protective Order 080811(a) doc.DOC

exceptions to this Protective Order; however, no modification or exception by the parties shall have the force or effect of a Court Order unless the Court endorses such modification or exception.

27. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder. Within sixty (60) days following the conclusion of this litigation, including all appeals or settlement, all Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, destroyed or disposed of pursuant to the instructions of the producing party.

28. Nothing contained herein shall limit any party in the presentation of evidence at trial, however, all parties reserve the right to request that the Court enter an appropriate order to protect from public disclosure information that such party contends is confidential and would be detrimental to that party if disclosed in a public trial.

29. This Protective Order is without prejudice to the right of a party hereto to seek relief from the Court from any of the provisions or restrictions provided herein, including seeking modifications to the Protective Order that may broaden or restrict the rights of access to and use of protected materials.

30. Nothing in this Order shall prevent any Designating Party from disclosing or using, in any manner or for any purpose, information or documents that the designating party itself has designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

**IT IS SO ORDERED.**

Dated: August 24, 2011

   /S/ FREDERICK F. MUMM
The Honorable Frederick F. Mumm
United States Magistrate Judge

# EXHIBIT "A"

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, affirm that I have read and am familiar with the terms of the Protective Order entered in the matter of *Brando Enterprises, L.P. v. Ashley Furniture Industries, Inc., et al.*, Case No. CV 11-5997 DMG (FFMx).  I agree that I will not disclose any information received by me pursuant to the Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.

Dated: _____          By: _____

                                                      Print Name: _____

                                                      Address:  _____

                                                                                   _____

                                                      Tel. _____